IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW SHAPER, #298782, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEON FORNISS, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:16-CV-370-WHA |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by Matthew Shaper, an indigent state inmate currently incarcerated at the Elmore Correctional Facility. In the instant civil action, Shaper asserts that the defendants violated his constitutional rights regarding their investigations of a robbery and subsequent theft of items from his locker box committed by other inmates at Elmore.

The defendants filed special reports supported by relevant evidentiary materials, including affidavits, prison reports, medical records and digital video recordings, in which they address the claims for relief presented by Shaper. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Shaper. Specifically, the defendants maintain there was no violation of Shaper's constitutional rights with respect to the actions about which he complains.

Upon review of the digital video recordings filed by the defendants, the court deemed it appropriate to determine whether Shaper wished to continue with this case. Thus, the court issued an order directing Shaper to "advise the court of whether he seeks to proceed with this cause of action." Doc. 91. The order specifically cautioned Shaper that his failure to file a response to this order would result in the dismissal of this case. Doc. 91. The time allotted Shaper for filing a

response in compliance with the directives of this order expired on February 19, 2019. As of the present date, Shaper has failed to file a requisite response. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action. Initially, the court finds that the imposition of monetary or other punitive sanctions against Shaper would be ineffectual. Next, Shaper's inaction in the face of the digital video recordings and his failure to respond to the court's latest order demonstrates a loss of interest in the continued prosecution of this case. Finally, it appears that any additional effort by this court to secure Shaper's compliance with its order would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that Shaper's failure to comply with an order of this court and his apparent abandonment of this case warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons and under the circumstances of this case, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **March 11, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of February, 2019.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE